IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Case No. 03-cv-01973-PSF-MJW
(Consolidated with 04-cv-02112-PSF-MJW)

J.E.H. KNUTSON,

      Plaintiff,

v.

WALKER AND ASSOCIATES, INC.,

      Defendant.

_____

Civil Action No. 04-cv-02112-PSF-MJW
(Consolidated with 03-cv-01973-PSF-MJW)

WALKER GROUP, INC.,

      Plaintiff,

v.

FIRST LAYER COMMUNICATIONS, INC.; and
J.E.H. KNUTSON,

      Defendants.

_____

**ORDER ON WALKER GROUP'S MOTION TO EXCLUDE EXPERT TESTIMONY**
_____


These consolidated cases come before the Court on the motion of Walker Group, Inc. ("Walker") filed February 28, 2005 (Dkt. # 114) requesting the Court to Exclude the Expert Evidence and Testimony of Lari Masten, who was tendered as an expert on valuation by J.E.H. Knutson. The Court has reviewed the opposition to the motion filed by Knutson on March 28, 2005, and the reply filed by Walker on April 15,

2005.  The Court has determined that the motion can be ruled on without a hearing.

For the reasons set forth below, the motion is GRANTED.

By Order entered August 12, 2005, the Court granted in part and denied in part

Walker's Motion for Partial Summary Judgment.  In that Order the Court considered the

expert report and deposition testimony provided by Ms. Masten regarding the valuation

issue, and concluded:

> In fact, by the time of her deposition in January 2005,
> Ms. Masten acknowledged that she did not know "what
> Walker received from First Layer." *Id.*  It is clear from her
> deposition testimony that notwithstanding the statements in
> her report, Ms. Masten did not value what Walker in fact
> received from First Layer.  Rather, she "valued" what she
> understood was the collateral securing the promissory note,
> without regard to what Walker actually received from First
> Layer. *See* Masten deposition excerpts attached as  Exhibit
> A to Walker's Motion to Exclude Expert Evidence and
> Testimony of Lari Masten, at 82-85.

> The value calculated by Ms. Masten, which is a hypothetical
> value of what First Layer was "worth" at the time the
> directors voted on dissolution, and what Walker might have
> received had it foreclosed on its security interest, is not the
> issue here.  The issue is what value, if any, was actually
> received by Walker as a payment or partial payment of the
> First Layer note.  Ms. Masten's report does not shed light
> on that issue, and therefore does not provide admissible
> evidence that the note was paid in full, as Knutson contends
> in his complaint for declaratory judgment.

Order at 23.  The Court now expressly grants Walker's Motion to exclude Ms. Masten's

opinion testimony for the same reasons.

As the Supreme Court stated in *Daubert v. Merrell Dow Phamaceuticals, Inc.*,

509 U.S. 579, 589 (1993), under the Federal Rules of Evidence the trial judge must

"ensure that any and all scientific testimony or evidence admitted is not only relevant,

but reliable."  The criteria for evaluating the admissibility of expert testimony under

*Daubert* and its progeny, including *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)

and *Dodge v. Cotter Corp.*, 328 F.3d 1212 (10th Cir. 2003), apply equally to the softer

sciences of valuation, accounting, economics and financial services.  *See e.g. Kumho,*

*supra*, 526 U.S. at 150 and the 2000 amendment to Federal Rule of Evidence 702.

Rule 702, F.R.E., requires that the expert evidence or testimony "assist the trier of fact"

to determine a relevant issue.  As the Supreme Court stated in *Daubert*, "[e]xpert

testimony which does not relate to any issue in the case is not relevant and, ergo,

non-helpful."  509 U.S. at 591.

In the instant case, the opinions of Ms. Masten are not relevant or helpful

because they do not address the value of the assets actually at issue.  Although an

expert's methodological approach may be sound in a particular circumstance, that does

not mean that the methodology can be employed where the facts do not fit the method.

Or as the Court stated in *Daubert*, scientific validity for one purpose is not necessarily

scientific validity for another unrelated purpose.  *Id.*  Thus, in *Atlantic Richfield Co. v.*

*Farm Credit Bank of Wichita*, 226 F.3d 1138, 1167 (10th Cir. 2000), the Tenth Circuit

affirmed the exclusion of an expert opinion on "market value" where it found the expert

"strayed too far from the available sales data" and used hypothetical sales instead.

Here, too, Ms. Masten's opinions of value stray too far from the particular assets that

need to be valued before the finder of fact, and therefore the opinions are deemed not

helpful or relevant.

For these reasons, the motion of Defendant Walker Group to exclude the expert evidence and testimony of Lari Masten (Dkt. # 114) is GRANTED.

DATED:  September 7, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge