IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02112-PSF-MJW
(Consolidated with 03-cv-01973-PSF-MJW)

WALKER GROUP, INC.,

    Plaintiff,

v.

FIRST LAYER COMMUNICATIONS, INC.; and
J.E.H. KNUTSON,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. # 190) filed on December 5, 2005, and plaintiff's motion to file certain exhibits under seal (Dkt. # 191), also filed December 5, 2005. Defendant Knutson filed a response to plaintiff's motion for attorneys' fees on December 29, 2005 (Dkt. # 200). Plaintiff filed a reply in support of its motion for attorneys' fees on January 12, 2006 (Dkt. # 202). The Court has determined that a hearing on the motion is unnecessary and the matter is ripe for determination.

**I. BACKGROUND**

These consolidated cases were tried to a jury from October 25, 2005 through October 28, 2005 on Walker Group, Inc.'s three counterclaims against Defendant Knutson in Civil Action No. 03-cv-01973-PSF-MJW and its two claims in Civil Action No. 04-cv-02112-PSF-MJW.

In its complaint in Civil Action No. 04-cv-2112, Walker alleged that defendant First Layer, Inc., ("First Layer") was liable to it for default on three promissory notes provided in connection with a series of loans that totaled $1,013,867.70 (First Claim in No. 04-cv-2112). A default was entered against Defendant First Layer prior to trial for failing to answer the complaint against it. However, a default judgment against First Layer in a specific amount was not entered, in part due to Knutson's objection to entry of a default judgment that would fail to recognize First Layer's right to a set off. *See* Order of April 19, 2005 (Dkt. # 132).

In its complaint and counterclaims against Defendant Knutson, Walker alleged that Knutson was liable to Walker on his written guaranties of the loans made by Walker to Defendant First Layer (Second Claim in Civil Action No. 04-cv-2112 and First Counterclaim in Civil Action No. 03-cv-1973). Walker also alleged that Defendant Knutson was liable for intentionally and fraudulently inducing Walker to make the loans to First Layer by providing misleading personal financial information (Second Counterclaim in Civil Action No. 03-cv-1973) or that he negligently misrepresented his financial condition in connection with the making of the loans (Third Counterclaim in Civil Action No. 03-cv-1973). Defendant Knutson's claims in Civil Action No. 03-cv-1973, seeking a declaratory judgment that he was not liable on his guaranty and alleging that he was fraudulently induced into providing the guaranty, were dismissed on Walker's motion for partial summary judgment prior to trial.

At the conclusion of Walker's case on October 26, 2005, Defendant Knutson made an oral motion for Judgment as a Matter of Law Under Rule 50(a) as to Walker's

Second and Third Counterclaims. After hearing arguments of counsel, the Court granted Defendant Knutson's motion, and made oral findings of fact and conclusions of law dismissing those claims.

The trial proceeded to conclusion on Walker's claims against Knutson on his written guaranties, and against First Layer on its loans. The jury returned a verdict in favor of Walker finding Knutson liable on all three of his guaranties. The jury also found, in answer to a special interrogatory, that Defendant First Layer had provided to Walker assets having a value of $173,109.83 which had the effect of reducing the balance due on the loans.

In a post-trial Order entered on November 10, 2005, this Court ruled on the application of the transferred assets with respect to the balance of First Layer's loans and Knutson's guaranties of those loans, and directed that judgment be entered against First Layer in connection with the loans in the amount of $840,757.87, plus prejudgment contractual interest, and against Defendant Knutson on his guaranties in the amount of $671,336.56, plus prejudgment statutory interest.

In light of the dismissal of both parties' fraud and negligent misrepresentation claims, the Court ordered that no taxable costs were to be allowed to either party under Rule 54(d)(1), F.R.Civ.P. The Court specifically stated, however, that such denial of costs is not intended to preclude Walker from recovering costs in connection with enforcement of the obligations as may be permitted under the terms of the Original Guaranty (Trial Exhibit 4 at ¶ 3). Thus the Court permitted Walker to file any application for attorneys' fees or costs of collection in accordance with the provisions of

the Federal Rules. Walker timely filed its motion on December 5, 2005 pursuant to a one-week extension granted by this Court.

## II. THE PARTIES' POSITIONS

In order to explain the Court's ruling, it is helpful to set forth the parties' respective positions.

### A. Walker's Motion for Attorneys' Fees and Costs

In its motion Walker seeks an award of $463,076.68 in attorneys' fees and $86,063.48 in costs, including $69,276.11 in expert witness fees and other costs. Walker has submitted, pursuant to its motion to seal certain exhibits, what appears to be copies of every invoice sent to it by both its counsel in North Carolina, the Kilpatrick Stockton firm (Exhibit E to Motion) and its local counsel, the Maximom Law Firm (Exhibit F to Motion), consisting of some 193 pages (Dkt. # 192).

However, the Court has not located in the mass of documents a summary that reflects the total hours billed by each firm, or by each attorney within the firm, or the period of time when the services were rendered. Nor is there any explanation of how many hours were billed in connection with the different claims brought, or any breakdown of the hours by category of work performed. Similarly, the Court has not located a summary of the requested costs and expenses by category of expense, or period of time, other than what is set forth on each of the many pages of monthly billings.

Nonetheless, from a review of what has been filed, it appears to the Court that Walker is requesting an award of fees and costs equal to 100% of the time its two law

4

firms charged on this matter from inception, apparently March 2003 in the case of the Kilpatrick Stockton firm and September 2003 in the case of the Maximom firm, through at least October 31, 2005, as well as 100% of the costs incurred during that period of time.  According to affidavits from Walker's counsel, the Kilpatrick Stockton firm expended not less than 1,400 hours during that period October 2003 through October 2005 (Affidavit of Richard Gottlieb, Exhibit A to Motion at ¶ 7) and the Maximom Law Firm expended not less than 575 hours during the period September 2003 through October 31, 2005. (Affidavit of Joshua Maximom, Exhibit B to Motion at ¶ 4 and Exhibit F).  The basis of Walker's motion for an award of attorney's fees is the language in Knutson's guarantee providing that "Guarantor will pay all reasonable costs and expenses, including attorneys' fees paid or incurred by [Walker Group], its successors, or assigns, in connection with the enforcement of the Obligations." (Guaranty ¶ 3, Trial Ex. 4).

### B.  Knutson's Objections

Knutson objects to the amount of fees and expenses sought for several reasons.  First, Knutson asserts that the word "obligations," as it appears in the sentence quoted above upon which Walker relies, refers not specifically to his "obligations" under the guaranty, but rather to the Notes executed by First Layer.  Knutson cites to the following sentence, which appears in the preamble to his guaranty: "Guarantor has agreed to execute this Guaranty of all sums now or hereafter due to Beneficiary pursuant to the Note ("Obligations") as an inducement to Beneficiary."  (Guaranty, first Recital, Trial Ex. 4).  Arguing that this sentence defines the term "obligations," Knutson

asserts there is no language in his guaranty stating that he will be liable for the costs and attorneys' fees incurred in enforcing the guaranty, but only for the costs and attorneys' fees incurred in enforcing First Layer's notes (Knutson's Reponse at 2). Thus, Knutson argues, he can only be liable for the costs and attorneys fees incurred in enforcing the Note, or collecting the loans, against First Layer. Because a default was entered against First Layer in January 2004, Knutson argues that no costs or fees incurred after that date should be allowed (Knutson's Response at 3-4).

Second, Knutson argues that all the attorneys' fees and expenses incurred by Walker are not recoverable because they were incurred in connection with unsuccessful claims, and were not incurred in connection with the enforcement of either the guaranty or the loans (Knutson Response at 9-11). Finally, Knutson argues generally that the fees and expenses sought are not "reasonable costs and expenses " given the nature of the work performed.

### C. Walker's Reply

Walker replies that the term "obligations" as it appears in Knutson's guaranty should be read more broadly than Knutson allows. Walker contends that the portion of the preamble sentence that the phrase "Guaranty of all sums now or hereafter due to Beneficiary pursuant to the Note ("Obligations") as an inducement to Beneficiary" when read in conjunction with Knutson's guaranty of "all reasonable costs and expenses, including attorneys' fees paid or incurred by [Walker Group], its successors, or assigns, in connection with the enforcement of the Obligations," logically includes any expense incurred in connection with the enforcement of the guaranty. Walker argues that it

would be inconsistent to read the language as applying only to enforcement of the Note, as Knutson suggests, because the note itself had a separate attorneys fees' provisions which would render the maker of the note liable for the attorneys' fees for its collection (Walker's Reply at 3-4).  Walker further argues that it should recover all of its fees and expenses, including those incurred in connection with the unsuccessful claims, and that its fees are reasonable.

## III.  ANALYSIS

For the reasons set forth below, the Court agrees that some of the amounts sought by Walker for attorneys' fees and cost reimbursement are in excess of what is allowed by the language of the guaranty, although not for the reasons suggested by Knutson.  The Court also finds that some of the fees are not recoverable because they exceed what is reasonable under the circumstances.

### A. Fees and Expenses Are Allowed Under the Guaranty

Even if Knutson were correct that he is liable only for fees and costs incurred in enforcing First Layer's note, the Court would not agree that this interpretation would limit his exposure for attorneys' fees and costs incurred after the default against First Layer was entered in January 2004.  As noted above, when Walker moved for the entry of a default judgment against First Layer, Knutson filed an objection (Dkt. # 125).  As a result of the objection the Court, in part, refused to enter the judgment.  *See* Order, (Dkt. 132).  Thus Knutson himself caused Walker to incur additional attorneys' fees in connection with the collection of the First Layer Note, so that even if his interpretation of his guaranty were correct, the Court would find him responsible for those fees.

However, the Court does not interpret the guaranty as suggested by Knutson, but rather agrees with Walker that its right to recover attorneys' fees from Defendant Knutson, as derived from the provisions of his guaranty, entitle Walker to recover reasonable costs and expenses, including attorneys' fees, paid or incurred in connection with the enforcement of Knutson's obligations.  That is, the exposure of Knutson to pay Walker's fees and costs of collection is coextensive with his obligations to repay a proportion of the loans to First Layer pursuant to his guaranty.

To the extent fees and expenses sought by Walker were not incurred in connection with enforcement of the three guarantees signed by Walker, they are not recoverable from him, but rather from First Layer, pursuant to the attorneys' fees provision of First Layer's, as suggested by Walker.  Yet, the Court notes that the motion before the Court is addressed only to recovery of fees and expenses as against Defendant Knutson   *See* Motion at 2:  "For the reasons set forth in detail below, Walker Group respectfully requests that **Defendant Knutson** be ordered to reimburse Walker Group for its payment of $463,076.68 in attorneys' fees and $86,063.48 in costs (including $69,276.11 in expert witness fees and costs)." (emphasis added).  Thus, the Court only addresses in this Order the fees and cost for which Knutson may be liable.

From the outset of this case, Walker recognized that the maximum amount it could recover from Knutson pursuant to his guarantees, in relation to the $1,013,867.70 it claimed to be owed by First Layer, was approximately $722,629.  Ultimately, as found by this Court's Order of November 10, 2005, the effect of Knutson's three separate

written guarantees was to guaranty repayment of the first $600,000 due from First Layer to Walker, and 29.63% of any amount due above $600,000, which came to $671,336.56 due to the $173,109.83 reduction of the total amount based on the jury's verdict of the value of the assets received by Walker from First Layer after it defaulted.

As noted above, Walker alleged in its counterclaims that Knutson defrauded it into lending money to First Layer, or negligently misrepresented his personal worth to induce the loans. Had Walker succeeded on such claims, it might have recovered the entire $1,013,867.70 from Knutson. But even if Walker had been successful on such theories, which it was not, such recoveries would not have been made pursuant to Knutson's guarantees. Rather, the recovery of the entire loan amount would have been pursuant to a fraud or negligent misrepresentation theory. The attorneys' fees and expenses incurred by Walker to pursue such claims would not have been recoverable under any fee-shifting provision applicable to such claims. Thus, regardless of the success or failure on those claims, fees attributable to work on the counterclaims for fraud and negligent misrepresentation are not recoverable now.

While the Court does not doubt that Walker expended substantial resources in its effort to prove the alleged fraud or alleged negligent misrepresentation of Knutson, the Court can not, as a matter of contract law, award attorneys' fees and expenses incurred in pursuing such claims under the language of the guaranty. To be clear, the Court does not reach this conclusion because Walker was not successful on those claims, as urged by Knutson. Rather, the Court reaches this conclusion because even if it had been successful, there is not a note or guaranty provision allowing for

9

attorneys' fees and expenses for the pursuit of claims of fraud and negligent misrepresentation.

### B. The Reasonableness of the Fees and Expenses Sought

Relatedly, the Court questions the reasonableness of expending the amounts for fees and expenses sought here by Walker, given the fact that its maximum recovery against Knutson on his guarantees, even under Walker's theory of the case, was no more than $722,629. The attorneys' fees requested by Walker in its pending motion are approximately 64.1% of the total maximum amount it could have collected under the guarantees. Again, while the Court does not doubt that Walker expended such sums, the reasonableness of the amounts spent is questionable, at best, given the potential maximum recovery.

Unfortunately, the nature of the presentation made in Walker's fee request does not permit the Court to separate out the work related to enforcement of the guaranty, from the work related to other claims made, in any kind of accurate or efficient manner. The Court declines to sort through some 193 pages of monthly invoices in an effort to segregate the different aspects of counsels' endeavors. That type of allocation is a task which counsel must undertake when it seeks fees from the Court and knows, or should know, that every hour expended may not be compensable. Because counsel has failed to provide the Court with the information in a useful format, the Court will simply use its best judgment to approximate a reasonable fee for the work performed by Walker's counsel to enforce Knutson's guarantees.

The Court begins with the proposition that the effort by Walker to recover 100% of the amounts loaned to First Layer was a reasonable approach for Walker to pursue. While Knutson was liable for, at most, $722,629, successful proof of the fraud claim against him could have increased the recovery by some $291,238. Thus, although ultimately unsuccessful, the Court must assume that a substantial amount of time, perhaps one-half of counsels' efforts, was devoted to proving Knutson's liability for the entire amount. Indeed, two of the three counterclaims asserted by Walker related to this effort, whereas only one counterclaim related to Knutson's guarantees.

In addition, the Court notes that the case initiated by Walker asserted two claims, one of which was against Knutson on his guarantees and one which was against First Layer seeking a judgment for 100% of the amount loaned. The Court also notes that the only defense asserted on behalf of First Layer to the amount sought against it was that substantial assets had been transferred to Walker after the First Layer default. Indeed, it is the Court's observation that a substantial amount of the time spent at trial was addressed to this issue. Although First Layer did not appear at trial, Defendant Knutson also advanced this issue as a partial defense to the amounts which were being sought against him. Thus, while a significant time at trial may have been expended on the issue of the value of the assets transferred to Walker, there is no question that Walker had to defend that issue at trial.

On the other hand, the Court is aware that during the pretrial phase, substantial efforts were expended by both sides trying to prove and disprove that the transfer of assets consisted of a transfer of First Layer to Walker as a "going concern." The Court

11

ultimately granted Walker's motion to exclude testimony by Knutson's tendered expert, Lari Masten, because it was based on valuing the transferred assets as if the transfer was of a "going concern."  Conversely, when Knutson moved to exclude the testimony of Walker's expert, Ronald Haas, who had opined on the same issue and others, the Court was about to rule on the motion in open court at the Final Trial Preparation Conference on October 14, 2005, when counsel for Knutson abruptly withdrew the motion to exclude Mr. Haas.  As the Court had already pointed out on the record, it appeared that Mr. Haas' alternative opinion might have provided more assistance to Knutson than to Walker.  Indeed, at that point counsel for Walker announced that Mr. Haas was being "demoted" on its witness to a "may call" witness.  Counsel for Knutson announced that he would subpoena Haas to appear at trial as a witness for Knutson. Haas did not ultimately appear at trial, and the Court only through these motions has learned that Mr. Haas did not appear because Defendant Knutson's efforts to subpoena him were unsuccessful due to the fact that he was "out of town" when service was attempted.

Based on this entire scenario, the Court finds that Walker's efforts relating to Mr. Haas' testimony, and the expenses incurred for his expert witness opinions, which were never offered at trial and which may have been of more benefit to Knutson than to Walker, are not deserving of compensation as work reasonably performed to enforce the guarantees.  Thus, the Court is not going to allow Walker recovery for the expert fees paid to Mr. Haas, which are set forth as $69,276.11 on the invoices attached as Exhibit H to Walker's motion.  In addition, the Court denies attorneys' fees sought by

Walker for obtaining the expert witness opinion of Mr. Haas, based on counsel's representations of the amounts related thereto. Based on counsel's description of the work performed during the period December 2004 through April 2005, (Walker's Motion at 14), the Court disallows $25,000 of the requested fees relating to this period based on this finding.

Applying this analysis to the fees sought by Walker, the Court disallows 50% of the fees sought, or $231,538.34, as being related to claims other than collection of amounts due pursuant to Knutson's personal guarantees, and thus not compensable as a matter of contract. The Court further deducts $25,000 of fees relating to the expert witness work as previously noted and for the reasons given above. These deductions leave compensable fees of $206,538.34.

The Court finds that allowance of this amount of fees is reasonable given the work performed and the results achieved, the qualifications of counsel, the nature of the claims and the hotly contested nature of the proceedings. Also, this amount represents approximately 30.1% of the verdict obtained against Knutson, a reasonable percentage of the total recovery before interest.

The Court, as noted, will deduct the expert witness expenses of $69,276.11 from the $86,063.48 in costs requested, leaving costs of $16,787.37. Although the Court can not be certain that these costs are reasonable, in the absence of a specific objection from Defendant Knutson, they are allowed.

**IV. THE MOTION TO SEAL**

Walker's Unopposed Motion to File Certain Exhibits Under Seal (Dkt. # 191), is DENIED. No privilege generally attaches to legal bills put into play by a motion for fees and costs associated with a contractual fee-shifting provision in the event of a dispute between contracting parties. *See e.g. Ideal Electronic Sec. Co., Inc v. International Fidelity Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1989). Defendant Knutson already was provided access to this information and therefore, even if information contained in the bills once constituted attorney-client communications or attorney work product, it is no longer privileged. Applying state law to determine whether the attorney-client or attorney work product privilege has been waived (*see* F.R.E. 501), neither North Carolina nor Colorado law appears to recognize either privilege in these circumstances. Moreover, the public has an interest in the Court's rulings, and it is not outweighed here by the otherwise confidential nature of the documentation provided. *Cf. In re Pierce,* 102 F.3d 1264, 1266 (D.C. Cir. 1996). If the parties had wanted in advance to shield such information from possible public scrutiny, they could have agreed to private resolution of this dispute either in the original agreement containing the guarantees or after the controversy arose.

**CONCLUSION**

For the reasons set forth above, Plaintiff Walker's motion for attorneys fees (Dkt. # 190) is GRANTED in part and DENIED in part. Walker is awarded attorneys' fees in the amount of $206,538.34, and costs in the amount of $16,787.37, for a total

award of $223,325.71.  The Clerk of the Court shall enter an Amended Judgment in favor of Walker and against Defendant Knutson reflecting this award.

Walker's Unopposed Motion to File Certain Exhibits Under Seal (Dkt. # 191), is DENIED.

DATED:  February 3, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge