IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-1973-PSF-MJW
(Consolidated with 04-cv-02112-PSF-MJW)

THE WALKER GROUP, INC.,

    Plaintiff,

v.

FIRST LAYER COMMUNICATIONS, INC., and
J.E.H. KNUTSON,

    Defendants.

---

## ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS
### (DOCKET NO. 208)

---

**Entered by U.S. Magistrate Judge Watanabe**

This matter is before the court on the Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents (docket no. 208). The court has reviewed the motion and response thereto (docket no. 214). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff seeks an order from the court compelling Defendant J.E.H. Knutson to answer interrogatories 2, 8(c), 8(f), 10, 11, 13, 15, and 16. In addition, Plaintiff seeks an order from the court compelling Defendant to produce documents in response to Requests for Production of

1

Documents 4, 5, 10, 13, 14, 16, 18, and 21. After careful review, the court finds, by a preponderance of the evidence, the following:

1. That as to interrogatory ("Rog") 2, the Defendant has fully answered this Rog, and no further response is required.

2. That as to Rog 8(c), the Defendant has fully answered this Rog, and no further response is required.

3. That as to Rog 8(f), the Defendant has not fully answered this Rog.

4. That as to Rog 10, the Defendant has not fully answered this Rog. The objection that this Rog is overbroad, irrelevant, and not reasonably likely to lead to the discovery of admissible evidence is overruled.

5. That as to Rog 11, the Defendant has fully answered this Rog, and no further response is required.

6. That as to Rog 13, the Defendant has fully answered this Rog, and no further response is required.

7. That as to Rog 15, the Defendant has fully answered this Rog, and no further response is required.

8. That as to Rog 16, the Defendant has fully answered this Rog, and no further response is required.

9. That as to Request for Production ("RFP") 4, the Defendant has not fully responded to this RFP.

10. That as to RFP 5, the Defendant has fully responded to this RFP.

11. That as to RFP 10, the Defendant has fully responded to this RFP.

12. That as to RFP 13, this court finds this RFP vague, ambiguous, and overbroad and, therefore, Defendant's objection on these grounds is sustained.

13. That as to RFP 14, the Defendant has not fully responded to this RFP.

14. That as to RFP 16, this court finds this RFP vague and ambiguous and, therefore, Defendant's objection on these grounds is sustained.

15. That as to RFP 18, the Defendant has not fully responded to this RFP.

15. That as to REF 21, the Defendant has fully responded to this RFP.

ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, this court ORDERS:

1. That Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents (docket no. 208) is GRANTED IN PART AND DENIED IN PART as follows:

2. As to Rogs 8(f) and 10, the Motion is GRANTED. As to Rog 8(f), the Defendant shall address each item of personal property listed separately and provide a specific response as to each item of personal property. As to Rog 10, the Defendant shall address each item separately in his response.

3. That the Motion is also GRANTED as to RFP 4. The Defendant shall respond fully and provide to Plaintiff any accident or health insurance policies where he is listed as an insured or additional insured or for which he pays all or any portion of

3

the premiums.

4. That the Motion is also GRANTED as to RFP 14. The Defendant shall respond fully and provide to Plaintiff federal and state income tax returns, including schedules and/or worksheets for himself and his spouse for the past three years.

5. That the Motion is also GRANTED as to RFP 18. The Defendant shall respond fully and provide to Plaintiff all documents evidencing any bank or investment accounts, held in his own name or jointly since October 1, 2000, including but not limited to commercial, savings, checking, investment, or brokerage accounts. Such documents should indicate where the accounts are maintained and the amount for each.

6. That the Motion is DENIED as to Rogs 2, 8(c), 11, 13, 15, and 16. The Motion is also DENIED as to RFPs 5, 10, 13, 16, and 21.

7. That Defendant shall provide responses to Rogs 8(f) and 10 and RFPs 4, 14, and 18 to Plaintiff on or before June 26, 2006.

8. That each party pay their own attorney fees and costs for this Motion.

Done this 20th day of June 2006.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge