IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-CV-01973-PSF-MJW

THE WALKER GROUP, INC.,

Plaintiff,

v.

FIRST LAYER COMMUNICATIONS, INC., and
J.E.H. KNUTSON,

Defendants.

---

**ORDER REGARDING PLAINTIFF WALKER GROUP'S MOTION TO COMPEL
AND FOR SANCTIONS (DOCKET NO. 220)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff Walker Group's Motion to Compel and for Sanctions (docket no. 220). The court has reviewed the motion and the Defendants' response (docket no. 225). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. In particular, the court has considered Fed. R. Civ. P. 37. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

The subject post-judgment motion requests that this court enter an Order requiring Defendants to comply with this Court's Order (docket no. 219). In particular, Plaintiff requests that Defendants be ordered to fully respond to Plaintiff's Interrogatories 8(f) and 10 and Request for Production Nos. 14 and 18 as previously ordered in this Court's Order (docket no. 219).

2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

As to the subject interrogatories and requests for production listed above, this court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit.

2. That venue is proper in the state and District of Colorado.

3. That each party has been given a fair and adequate opportunity to be heard.

4. That this Court entered an Order (docket no. 219) dated June 20, 2006. No Fed. R. Civ. P. 72 objections to this Order were filed by any party. See docket. In that Order (docket no. 219), this court GRANTED IN PART AND DENIED IN PART Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents (docket no. 208). In particular, this Court ORDERED that Defendants shall fully respond to Plaintiff's Interrogatories 8(f) and 10 and fully respond to Plaintiff's Request for Production of Documents 4, 14, and 18. Defendants were to provide full responses to the above on or before June 26, 2006. See docket no. 219.

5. That any objections that Defendants had as to this Court' Order (docket no. 219) should have been raised pursuant to Fed. R. Civ. P. 72 within ten (10) days after being served with a copy of such

3

Order as required under Fed. R. Civ. P. 72(a). This court can take judicial notice pursuant to Fed. R. Evid. 201 that a copy of such Order (docket no. 219) was served via electronic mail to all parties on June 20, 2006. Accordingly, such objections being raised at this late date have therefore been waived by Defendants. Moreover, this Court's Order (docket no. 219) addressed each of the contested Interrogatories and each of the contested Requests for Production individually as drafted by Plaintiff. Thus, Defendants were on actual notice of what was being requested and the scope of such discovery requests by Plaintiffs in these disputed Interrogatories and Request for Production of Documents and simply failed to follow Fed. R. Civ. P. 72 (a) as required.

6. Rule 37(b)(2)(C) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> . . .
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof . . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure

4

was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

**ORDER**

**WHEREFORE,** based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Plaintiff's Motion to Compel (docket no. 220) is **GRANTED.**

2. That Defendants shall fully respond to Plaintiff's Interrogatories Plaintiff's Interrogatories 8(f) and 10 and fully respond to Plaintiff's Request for Production of Documents 4, 14, and 18 on or before August 21, 2006.  Failure to comply with this Order may result in additional sanctions being imposed.

3. That Plaintiff is awarded reasonable expenses which shall include reasonable and necessary attorney fees and costs for having to bring this motion pursuant to Fed. R. Civ. P. 37(b)(2).

4. That the parties are to forthwith meet and confer to see if they can agree upon the amount of reasonable expenses.  If the parties can agree, then the parties shall file their written

5

stipulation of reasonable expenses with the court on or before August 21, 2006.  If the parties cannot agree, then Plaintiff shall have fifteen (15) days from the date of this Order to file its itemized affidavit of expenses.  Defendant will have an additional fifteen (15) days to respond to Plaintiff's itemized affidavit of expenses.  If a response is filed, then Plaintiff shall have an additional ten (10) days to file a reply to the response.

Done this 11th day of August 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge