IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01973-PSF-MJW

THE WALKER GROUP, INC.,

Plaintiff,

v.

FIRST LAYER COMMUNICATIONS, INC. and
J.E.H. KNUTSON,

Defendants.

## ORDER REGARDING
## PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS
## (DOCKET NO. 227)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Application for Attorneys' Fees and Costs (docket no. 227). The court has reviewed the motion, response [opposition] (docket no. 231), and reply (docket no. 232). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDING OF FACT AND CONCLUSIONS OF LAW

This court previously entered an Order regarding Plaintiff Walker Group's Motion to Compel and for Sanctions dated August 11, 2006 (docket no. 226). In this Order (docket no. 226), this court ordered Defendant J.E.H. Knutson to pay Plaintiff

2

reasonable expenses which shall include reasonable and necessary attorney fees and costs for having to bring the motion to compel motion pursuant to Fed. R. Civ. P. 37(b)(2).  See docket no. 226 page 4 paragraph 3.

In determining the reasonableness of a fee, courts are encouraged to consider the factors listed in Rule 1.5(a) of the Colorado Rules of Professional Conduct, including:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

Colorado Rules of Professional Conduct, Rule 1.5; Mau v. E.P.H. Corp., 638 P.2d 777, 779 (Colo. 1981); Newport Pac. Capital Co. v. Waste, 878 P.2d 136, 141 (Colo. App. 1994).

An award of attorney fees must be reasonable.  A determination of reasonableness is a question of fact for the trial court.  Hartman v. Freedman, 197 Colo. 275, 281, 591 P.2d 1318 (1979).  Attorney fee compensation should be

3

determined in light of all circumstances for the time and effort reasonably expended by the prevailing party's attorney. Blanchard v. Bergeron, 489 U.S. 87 (1989).

Here, the court finds that Defendant J.E.H. Knutson's response does not contain any opposition to the attorney's fees requested by Plaintiff. Instead, Defendant J.E.H. Knutson's response attempts to reargue the underlying motion (docket no. 220) and this court Order (docket no. 226) to such motion (docket no. 220). This court further finds that such argument is inappropriate at this stage since Defendant J.E.H. Knutson had an opportunity to make such argument and objections following this court's Order (docket no. 226), by filing its Fed. R. Civ. P. 72 objections to such Order. Defendant J.E.H. Knutson waived its opportunity to do so and therefore has waived its Fed. R. Civ. P. 72 objections. Defendant J.E.H. Knutson is not permitted to make such arguments through the back door which it should have raised through the front door via Fed. R. Civ. P. 72 objections within 10 days following entry of this court's Order (docket no. 226). This attempt by Defendant J.E.H. Knutson to proceed in such a fashion is not permitted under the Federal Rules of Civil Procedure.

As to the amount of reasonable expenses, this court has considered those factors as listed above in Colorado Rules of Professional Conduct Rule 1.5 and the case law as stated above and now finds that Defendant J.E.H. Knutson did not comply with this court's order on compelling discovery. Throughout this litigation, Defendant J.E.H. Knutson has engaged in tactics preventing the discovery of relevant information and documents that were clearly discoverable under the Federal Rules of Civil Procedure. Such tactics caused Plaintiff to have to seek relief from this court in order

4

to obtain such discoverable information and documents.  By Defendant J.E.H. Knutson's conduct, this case was unnecessarily expanded, and Defendant J.E.H. Knutson's conduct caused additional unnecessary expense to be incurred by Plaintiff.  Plaintiff's attorney fees in the amount of $4,730.00 for having to prosecute his motion to compel (docket no. 220), are fair, reasonable, and necessary in light of the value and significance of the legal services provided to Plaintiff by Plaintiff's experienced attorneys.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Application for Attorneys' Fees and Costs (docket no. 227) is **GRANTED**.

2. That Defendant J.E.H. Knutson shall pay to Plaintiff The Walker Group, Inc., the sum of $4,730.00 on or before October 13, 2006, for reasonable expenses as previously ordered by this court in its Order on Plaintiff's Motion to Compel and for Sanctions dated August 11, 2006.  See docket no. 226.

Done this 29th day of September 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge